### BLISS *v.* FRENCH.

1. EQUITY PRACTICE — BILL OF INTERPLEADER — INJUNCTION — PRODUCING MONEY IN COURT.
   Complainant in a bill of interpleader should offer to bring into court any moneys acknowledged to be due from him, and, where he asks an injunction, it should be granted only on condition of his complying with such offer.

2. SAME—DEMURRER.
   The omission of such offer does not, however, render the bill demurrable.

3. SAME—AFFIDAVIT OF NONCOLLUSION—EXECUTION BY ONE CO-PARTNER.
   An affidavit of noncollusion, accompanying a bill of interpleader which states that the complainants are copartners, is sufficient, though sworn to by but one of them.

4. SAME—CASE MADE BY BILL.
   A bill of interpleader showing that the complainants have no

interest in a fund representing the price of timber purchased by them, and that it is claimed by an assignee of the seller, and also by another person, who claims that the property belonged to him when sold, and that certain other persons assert liens thereon for labor, states a case for equitable relief.

Appeal from Saginaw; Wilber, J. Submitted June 10, 1898. Decided July 12, 1898.

Bill of interpleader by Aaron P. Bliss and Willis G. Van Auken, copartners, against Myron H. and Fremont F. French, copartners, Claude E. Redson, Wealthy A. Harvey, Joseph J. Harvey, John A. McKay, Carrie E. Redson, James Bowers, Thomas Fowl, David Johnson, and Charles Grosvent. From an order overruling a demurrer to the bill, and denying a motion to dissolve a temporary injunction, and allowing a discontinuance as to the five defendants last named, all of the defendants, except defendants French, appeal. Modified as to injunction.

*Wood & Joslin,* for complainants.

*James E. Duffy* (*William T. Yeo,* of counsel), for defendants French.

*John A. McKay,* for appealing defendants.

LONG, J. March 6, 1897, defendant Claude E. Redson entered into a contract with complainants, by the terms of which he sold to them a quantity of hemlock saw-logs, upon which complainants admit a total indebtedness of $339.60, but claim a set-off for freight of $185.51. Defendant Redson, being indebted to defendant Wealthy A. Harvey, assigned to her all moneys due, or to become due, from complainants, and gave her a bill of sale of all logs and wood owned by him. This bill of sale was duly filed in the office of the township clerk. Wealthy A. Harvey assigned this claim to the defendant Joseph J. Harvey, who in turn assigned it to defendant McKay. It is claimed that the complainants had notice of these assign-

ments. Defendants French & Co. demanded this money from complainants on the ground that they owned the logs sold by Redson to complainants. The other defendants filed claims upon the property for labor liens. Complainants filed this bill of interpleader, and offered to pay the fund into court. On filing the bill, an injunction was issued to restrain the commencement of suits by the various parties. A motion was made by several of the defendants for a dissolution of the injunction. Others of the defendants demurred to the bill. The motion to dissolve the injunction, as well as the demurrer, were overruled by the court. In the meantime complainants petitioned the court to be allowed to discontinue the proceedings against the lien holders, Carrie E. Redson, James Bowers, Thomas Fowl, David Johnson, and Charles Grosvent, and this motion was granted. The defendants French & Co. answered the bill, and asked for affirmative relief in the answer in the nature of a cross-bill. An answer was filed by complainants to this cross-bill. All the defendants except French & Co. appeal.

1. It is contended that no injunction nor any other order in a bill for interpleader can be made until the money has been brought into court. It appears that no suits at law had been commenced when the bill was filed, and that those defendants holding labor liens were permitted by the court to perfect such liens. It is the general rule that the party filing a bill of interpleader must offer to bring the money or thing in controversy into court, and, if an injunction is asked for, it will be granted only on condition of his complying with such offer. If an injunction is not granted, it is only necessary to make the offer in the bill, and be in readiness and in a situation to comply with it whenever the court shall direct the money or other thing to be so deposited. Here an injunction was asked and granted without making a deposit of the money in court. This should have been done before injunction issued, and the injunction must be discharged unless this be complied with. *Shaw* v. *Chester*, 2 Edw.

Ch. 405; 2 Daniell, Ch. Pl. & Prac. (6th Am. Ed.) *1563, and cases cited in note 10.   This omission, however, does not render the bill demurrable.   2 Daniell, Ch. Pl. & Prac. *1563.

2. It is next contended that the bill was not accompanied by a sufficient affidavit of noncollusion.   The bill is sworn to by one of the complainants, and states:

"This bill is not filed in collusion with, or at the instance of, any or either of the said defendants, but merely by your orators' own accord, for relief in this honorable court in the matters and upon the case above stated and set forth."

The complainants were partners, and it is so stated in the bill.   This is a sufficient compliance with the rules of practice.   We do not intimate that this case is subject to review on this question.

3. We think the bill sets up matters calling for equitable relief.   The complainants have no interest in the fund, to which there are several claimants.   French & Co. claim it, because the timber sold belonged to them when it was sold to complainants.   They forbade the payment of the money to Redson or his assignees.

No other question needs discussion.   The order below overruling demurrer must be affirmed, and the case remanded for further order as to the deposit of the fund. No costs will be allowed in this court.

The other Justices concurred.